UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVE OLIVAREZ,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.
                              /

File No. 1:15-CV-1074

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on Movant Eve Olivarez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon her by this Court. Respondent has filed a response to the motion (ECF No. 6) arguing that it should be denied because Movant waived the right to collaterally attack her sentence in her plea agreement and because all of the grounds for relief presented in her motion were already raised and rejected on appeal. The Court agrees with Respondent. Consequently, the motion will be denied.

**I.**

In May 2013, Movant was charged with conspiracy to distribute and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii); unlawful use of a communication facility in violation of 21 U.S.C. §§ 843(b), 843(d)(1); and possession of methamphetamine with intent to distribute,

21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii). (*United States v. Olivarez*, No. 1:13-CR-89 (W.D. Mich.), ECF No. 1.) On November 5, 2013, Movant pleaded guilty to a superseding felony information charging her with conspiracy to distribute and possession with intent to distribute 5 grams or more of methamphetamine. (*Id.* at Am. Plea Agreement, ECF No. 64.) Movant was then sentenced at the bottom of the guidelines range to 210 months in prison and four years of supervised release. (*Id.* at J., ECF No. 83.) Movant appealed her sentence, but the Court of Appeals for the Sixth Circuit rejected her claims and affirmed the judgment of this Court. *United States v. Olivarez*, 617 F. App'x 391 (6th Cir. 2015). She then filed her motion under § 2255.

**II.**

To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (internal quotations omitted).

A court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In this case, a hearing is not necessary because the motion and records of the case conclusively show that Movant is not entitled to relief.

### III.

Movant raises four grounds for relief, all of which were raised on appeal. She claims that the Court erred with respect to her sentence when it (1) denied an objection to a two-point enhancement to her guidelines calculation for maintaining a drug house; (2) denied a three-point reduction to her calculation for her acceptance of responsibility and entry of a timely plea; (3) held that her criminal history category of IV did not over-represent her criminal history; and (4) denied her request for a downward variance based on her efforts at rehabilitation prior to the indictment. (Ex. 1, ECF No. 1-1.)

The Court of Appeals for the Sixth Circuit rejected all of Movant's claims when she raised them on appeal. A § 2255 motion may not be used to relitigate an issue that was raised on appeal, absent highly exceptional circumstances such as an intervening change in the law. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). No exceptional circumstances are present in this case. Consequently, Movant's claims are not cognizable in this action.

Even if her claims were cognizable, Movant's claims are barred by her plea agreement. In that agreement, Movant expressly waived the right to attack her conviction

3

and sentence in a motion brought under § 2255. The agreement states that she "waives the right to challenge [any sentence that is at or below the maximum guideline range as determined by the Court before any upward departure or variance] and the manner in which it was determined in any collateral attack, including . . . a motion brought under [28 U.S.C. § 2255] (except a challenge that goes to the validity of the waiver . . . )." (Am. Plea Agreement, No. 1:11-CR-102, ECF No. 64.) "A defendant may waive any right in a plea agreement, including a constitutional right, if the waiver is made knowingly and voluntarily." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). A movant's waiver by plea agreement of his right to collaterally attack his sentence is generally enforceable. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Waiver of collateral attack may be unenforceable "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." *Id.* In this case, Movant does not assert any defect with respect to her plea or the waiver. Consequently, all of her claims are barred.

## IV.

For the reasons stated herein, Movant's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 must be denied.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability. To warrant the grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. The Court does not believe that a reasonable jurist would disagree with the Court's conclusion that Movant's claims are not cognizable or are barred by the waiver in her plea agreement. Accordingly, a certificate of appealability will also be denied.

An order and judgment consistent with this opinion shall be entered.


Dated: January 4, 2016 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE